IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HAZEL LOVEJOY,

        Plaintiff,

v.                                 CIVIL ACTION NO.  3:14-4991

CAMC TEAYS VALLEY HOSPITAL, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Extend Time to Complete Discovery, ECF No. 23. For the following reasons, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

Pursuant to this Court's Scheduling Order entered March 19, 2014, ECF No. 7, all depositions were to be completed and dispositive motions filed by October 30, 2014.[1] On October 30, 2014, Plaintiff filed the instant motion to extend the deposition completion deadline to November 28, 2014. Also on October 30, 2014, Defendant moved for summary judgment.

On September 25, 2014, Defendant deposed Plaintiff. As explained by Plaintiff, somehow resulting from that deposition, Plaintiff recognized a need for additional written discovery, and possibly additional depositions, likely necessitating an extension of the discovery deadline. While the parties agree that counsel on both sides were aware of the possibility of an extended deadline, Defendant maintains that there was no agreement between the parties at that time.

---

[1] The Court's order adopted the scheduled suggested by the parties in the Rule 26(f) Report of Planning Meeting, ECF No. 6.

Shortly thereafter, on September 30, 2014, Plaintiff filed an additional request for production. Defendant promptly responded on October 17, 2014. The parties did not again discuss the possibility of an extended discovery deadline until October 30, 2014. At that time, Plaintiff contacted Defendant and requested an extended discovery period to allow Plaintiff to depose CAMC personnel. Defendant refused to agree to an extension, informing Plaintiff that counsel had already prepared and was in the process of filing a motion for summary judgment and supporting memorandum.

## II.     ANALYSIS

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue a scheduling order defining deadlines for joining additional parties, amending pleadings, completing discovery, and filing motions. Fed. R. Civ. P. 16(b)(3). Such orders can be modified after entry "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While not unsympathetic to Plaintiff's circumstances, the Court cannot agree that Plaintiff has shown good cause to modify the extant scheduling order.

The parties have had ample time to conduct written discovery and take depositions. Here, Plaintiff's perceived need to conduct additional discovery developed in the course of Plaintiff's own testimony. Lacking more specific explanation, the Court struggles to imagine that the Plaintiff could have learned anything new when she was deposed by Defendant that Plaintiff was not already aware of prior to her deposition.

Even affording Plaintiff the benefit of the doubt on that point, Plaintiff's counsel had just shy of two weeks after receiving Defendant's final responses to written discovery to develop an agreement with Defendant regarding deposition deadlines. Instead, Plaintiff delayed such discussions until the deadline had arrived and Defendant had already expended resources to

develop and file its summary judgment motion. Accordingly, Defendant would suffer prejudice if the Court allowed further delay. The Court certainly recognizes that denying the instant motion requires Plaintiff to proceed without the benefit of additional depositions, but that circumstance flows from Plaintiff's own course of action and cannot serve as good cause to unsettle the extant deadlines.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Extend Time to Complete Discovery is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: November 7, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE